Per Curiam.
—The judge below had jurisdiction of the matter, and it was probably by inadvertence that the order contained the clause that it was granted because the affidavit on which the order for examination was made was insufficient to confer jurisdiction. It is clear that the affidavit did not, under the precedents, state sufficient to give the plaintiff a right to an order of examination. It showed that the plaintiff, had divers times used the right of examination,, under the Code, in averring “that the defendant has been divers times heretofore examined under orders supplementary previously granted.” It was therefore necessary to show, under the cases, a special reason for another examination. On this point no more was averred than “ that since last examination the defendant hath become possessed of certain personal property.” It does not state what the property referred to is; whether it remains in possession of defendant, or whether it may be applied to the payment of the judgment. Nor does it state anything that would make an examination into the existence of such * facts proper or useful for plaintiff. What is said must be true of any judgment debtor who has been examined, under any circumstances, and within a very brief time after the examination.
As the statement in the order appealed from was incorrect as to the jurisdiction, and it is now sustained on the merits, it is affirmed without costs to either party.